FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 4 2017

JAMES N. HATTEN, Clerk
By: S. Byrn Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YAMAN F. TAYLOR | ) | Civil Action No: |
| Plaintiff, | ) ) ) | **1:17-CV-0268** |
| V. | ) ) | JURY DEMAND |
| SAFCO, LLC | ) ) ) | |
| Defendant | ) | |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, YAMAN F. TAYLOR, by and through himself and for his Complaint against the Defendant SAFCO, LLC and Plaintiff states as follows:

### NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to SAFCO, LLC (hereinafter, SAFCO) in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular

telephone without his express consent within the meaning of the TCPA. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2. The Defendant violated the TCPA by contacting the Plaintiff on his cellular telephone via an "automatic telephone dialing system (ATDS) or predictive dialer" as defined by 47 U.S.C § 227(a)(1), without express consent within the meaning of the TCPA, or left artificial/prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. YAMAN F. TAYLOR, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Clayton, state of Georgia.

6. Defendant SAFCO, LLC is a foreign for profit organization, with a corporate

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

office located at 6700 North Andrews Ave, Suite 500, FT Lauderdale, Florida, 33309.

7. Defendant SAFCO is not registered to do business in Georgia. At all relevant times, Defendant has conducted business in Georgia and solicited business in Georgia, or has engaged in a persistent course of conduct in Georgia

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live

solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

11. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment;   (1) Prohibitions…It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—"

## ALLEGATIONS OF FACT

12. While at work, on November 4th @ 0855, Plaintiff answered his cellphone, calling from 407-243-6150…. and heard an automated voice say **"please stay on the line"**. After waiting for a few seconds, a representative by the name of Victoria came on the phone…Plaintiff then informed Victoria **"to stop calling his cellphone"**… the representative told Plaintiff, **"that since this was a debt owed, that the calls would continue because the system used to call Plaintiff is an automated dialer"**.

13. Plaintiff continued to receive numerous more calls after informing the Defendant to stop calling his cellphone. Frustrated and angered by the untimely

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

4

calls, on November 11, 2016, the Plaintiff answered the phone and heard please stay on the line followed by music before being connected to a live agent.

14. After telling the representative to stop calling his phone, Plaintiff received at least forty-five (45) more unwarranted phone calls to his cell phone.

15. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

16. Defendant SAFCO calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

17. Whatever consent the Defendant may have had was revoked by Plaintiff and not permitted for the purpose of debt collection or any other purpose.

18. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of SAFCO calls. He was needlessly bothered and was forced to utilize minutes from his cell phone which could have been used for other purposes.

19. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous

5

unwarranted phone calls caused the Plaintiff harassment, as well as additional data rate charges to his cellular telephone plan.

20. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

## QUESTIONS OF LAW

21. Questions of law and fact include, but are not limited to, the following:

 a. Whether Defendants made non-emergency calls to Plaintiff cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice;

 b. Whether Defendants conduct was knowing and/or willful;

 c. Whether Defendants are liable for damages and the amount of such damages.

## COUNT I

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Using prohibited equipment and without prior express consent, the Defendant SAFCO contacted the Plaintiff at least forty-five (45) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

24. The phone calls were made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt owed, and without the prior express consent of Plaintiff.

## **PRAYER FOR RELIEF**

a) As a result of Defendant, SAFCO willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

b) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

c) A trial by jury on all issues so triable;

d) Such other and further relief as may be just and proper.

Respectfully submitted,

Yaman F. Taylor

7515 Garnet Dr

Jonesboro, GA 30236

tayloryaman12@outlook.com